UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

EDNA BRIGHT,            )
                        )
v.                      )           Case No. 4:16-cv-53
                        )           *Mattice/Steger*
Ben Cantrell, *et al.*  )

REPORT AND RECOMMENDATION

I. Introduction

Edna Bright brings this action asking the Court to review an underlying state court judgment entered in the Chancery Court of Lincoln County, Tennessee.[1] Plaintiff has filed an application for *in forma pauperis* status [Doc. 4]. For the reasons stated herein, it is RECOMMENDED this action be dismissed.

II. Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In

---

[1] Edna Bright has brought several actions *pro se* in this Court: Case Nos. 4:94-cv-17, 4:94-cv-80, 4:11-cv-56, 4:13-cv-5, and 4:15-cv-61. All have been dismissed. This case and Case Nos. 4:16-cv-51 and 4:16-cv-55 are pending.

1

determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Analysis

This is the same claim in all material respects against the defendants Toves, Hunt, Stevens, and Cantrell that Plaintiff brought in this Court in 2013 in *Bonner v. Toves*, Case No. 4-13-cv-4. Both actions have the following similarities: they arise from a judgment entered by the Chancery Court of Lincoln County, Tennessee which, it is alleged, resulted in the loss of Ms. Bright's family home which Ms. Bright and her siblings inherited from their father upon his death. Ms. Bright alleges that Karen Toves, Attorney B. Nathan Hunt; Fayetteville Public Utilities Attorney Whitney Stevens, and Lincoln County Chancellor Ben Cantrell conspired to deprive her of the family home. Ms. Bright alleges defendant Karen Toves falsified documents allegedly proving Toves is the child of Plaintiff's father in order that Toves could force the sale of the family home to the Fayetteville Public Utility through an action brought in the Lincoln

County Chancery Court. Plaintiff also alleges Chancellor Ben Cantrell made numerous errors in the state court action resulting in the deprivation of her due process and equal protection rights guaranteed under the United States Constitution. She further alleges defendant Karen Toves lied in these court proceedings, that Attorney Stevens made threats against Plaintiff, and that Attorney B. Nathan Hunt and Chancellor Cantrell perpetrated a fraud upon the court. Among other forms of relief, Plaintiff states she wants her property returned to her and her siblings and $5 million for pain and suffering.

In the previous action, the magistrate judge who reviewed Plaintiff's action recommended that it be dismissed because the Court lacked jurisdiction to review this claim pursuant to the doctrine developed in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). *Bright v. Toves*, Case No. 4:13-cv-5, slip op. at 3-4 (E.D. Tenn. April 25, 2013). The magistrate judge also found that Chancellor Cantrell was absolutely immune from suit pursuant to the doctrine of judicial immunity. *Id.* at 3. Finally, the magistrate judge found that to the extent Plaintiff sought to bring any state law cause of action against Karen Toves, Nathan Hunt, and Whitney Stevens, the Court lacked subject matter jurisdiction because Plaintiff did not allege the citizenship of the defendants or the amount in controversy. *Id.* at 4. The District Court adopted the magistrate judge's report and recommendation in full, *Bright v. Toves*, Case No. 4-13-cv-5 (E.D. Tenn. May 16, 2013), and the Sixth Circuit Court of Appeals subsequently affirmed the district court on the basis of the *Rooker-Feldman* doctrine. *Bright v. Toves*, Case No. 13-5745 (6th Cir. Mar. 27, 2014).

The doctrine of *res judicata* operates to bar this action in its entirety:

[A] claim is barred by the res judicata effect of prior litigation if all of the following elements are present: "(1) a final decision on the merits by a court of competent

jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."

*Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577-78 (6th Cir. 2008) (quoting *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir. 2002)). Each of the elements of *res judicata* apply in the instant case and Plaintiff's action should be dismissed. In the alternative, this action should be dismissed on the same grounds articulated in the previously filed action, *Bright v. Toves*, Case No. 4-13-cv-5 (E.D. Tenn. May 16, 2013).

### IV. CONCLUSION

For the reasons stated herein, it is RECOMMENDED[2] Plaintiff's action be DISMISSED. If this action is dismissed, it will be unnecessary to consider the *in forma pauperis* application.

s\ *Christopher H. Steger*
CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).